IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KEIFLAN B. KELLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 21-cv-2123-JAR-TJJ |
| | ) |
| CITY OF ATCHISON, KS, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff, proceeding *pro se* and *in forma pauperis*,[1] filed this action under 42 U.S.C. § 1983 alleging Defendants unlawfully seized him, used excessive force, and unlawfully detained him. Plaintiff also raises several state law claims arising out of the same events. This matter comes before the Court on Plaintiff's Motion to Appoint Counsel (ECF No. 4). For the reasons set forth below, the Court denies Plaintiff's request for appointed counsel.

While a defendant in a criminal action has a constitutional right to be represented by an attorney, it is well settled that a party in a civil action has no right to appointment of counsel.[2] For employment discrimination cases under Title VII of the Civil Rights Act of 1964, the court may appoint counsel "in such circumstances as the court may deem just."[3] For actions with claims arising under 42 U.S.C. § 1983, however, there is no similar provision for appointment of

---

[1] *See* Order granting Plaintiff's Application to Proceed Without Prepayment of Fees (ECF No. 5).

[2] *Lee v. Crouse*, 284 F. Supp. 541, 543–44 (D. Kan. 1967) ("There is no absolute right to appointment of counsel in either habeas corpus or civil rights actions.").

[3] 42 U.S.C. § 2000e-5(f)(1).

counsel.[4] Instead, courts considering requests for the appointment of counsel in section 1983 civil actions generally look to the *in forma pauperis* statute, 28 U.S.C. § 1915.[5] Under 28 U.S.C. § 1915(e)(1), a court "may request an attorney to represent any person unable to afford counsel." The appointment of counsel under 28 U.S.C. § 1915(e)(1) is a matter within the discretion of the district court.[6] In determining whether to appoint counsel under § 1915(e)(1), the district court may consider a variety of factors, including: (1) the claims' merits, (2) the nature of the factual issues, (3) the plaintiff's ability to present his/her claims, and (4) the complexity of the legal issues involved or raised.[7]

Reviewing the Complaint under the above-referenced factors, the Court finds that Plaintiff's request for the appointment of counsel should be denied. The factual issues appear relatively straightforward and not complicated. The allegations giving rise to this action involve either one continuing incident or two incidents over two days, depending on how the events are viewed. A review of Plaintiff's filings to-date show that he has the capacity to adequately represent himself in this action. He appears to be able to set out the facts upon which his claims are based. In addition, the legal issues do not appear to be unusually complicated or complex. Given the liberal standards governing *pro se* litigants, if Plaintiff devotes sufficient efforts to

---

[4]*See Avery v. Anderson*, 94 F. App'x 735, 739 (10th Cir. 2004) (affirming district court's decision stating prisoners alleging civil rights violations under 42 U.S.C. § 1983 have no constitutional right to counsel).

[5]*See, e.g.*, *Lane v. Brewer*, No. 07-3225-JAR, 2008 WL 3271921, at *2 (D. Kan. Aug. 7, 2008); *Winston v. Simmons*, No. 01-3335-KHV, 2003 WL 21418359, at *8 n.7 (D. Kan. June 18, 2003).

[6]*Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) ("[A] district court has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis*" under 28 U.S.C. § 1915(e)(1)).

[7]*Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

presenting his case, he can do so adequately without the assistance of counsel.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion to Appoint Counsel (ECF No. 4) is denied.

Dated in Kansas City, Kansas, on this 19th day of March, 2021.

_Teresa J. James_
Teresa J. James
U. S. Magistrate Judge