# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KEIFLAN KELLEY,

    Plaintiff,

v.

CITY OF ATCHISON, KANSAS, et al.

    Defendant.

Case No. 2:21-CV-02123-JAR-TJJ

## MEMORANDUM AND ORDER

Plaintiff Keiflan Brock Kelley filed this action *pro se* alleging civil rights and personal injury claims against Defendants the City of Atchison, Kansas; Atchison Police Chief Mike Wilson; Atchison police officers Travis Eichelberger, Greg Peterson, Kyle Mason, Jesse Cannon, Jordan Noll, Austin Surrit, and Whitney Wagner; Atchison Mayor Abby Bartlett; Atchison Vice Mayor Allen Reavis; and purported Atchison City Council Members Jesse Greenly, Lisa Moody, J. David Ferris, Becky Berger, and Justin Pregont.[1]

This matter now comes before the Court on Defendants' Motion to Dismiss (Doc. 9) and Plaintiff's Motion to Extend Time to Respond to Defendants' Motion to Dismiss (Doc. 11). Defendants seek dismissal pursuant to Fed. R. Civ. P. 12(b)(2) and (5) for lack of personal jurisdiction due to insufficiency of service of process, and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. Because the Court in its discretion grants Plaintiff additional time to effect proper service, Defendants' motion to dismiss on the basis of

---

[1] Defendants explain that Berger and Pregont are the Atchison City Manager and Assistant City Manager, respectively, and that neither is a member of the City Council.

Rule 12(b)(6) is denied without prejudice and Plaintiff's motion for an extension of time to file an additional response brief is denied as moot.[2]

I.     **Standard**

Because a federal court lacks personal jurisdiction over a defendant if the plaintiff has failed to effectuate proper service,[3] Fed. R. Civ. P. 12(b)(2) and 12(b)(5) may be asserted together as joint bases for dismissal.[4] When a defendant moves to dismiss on the basis of insufficient service of process, "the burden shifts to the plaintiff to make a prima facie showing that he served process properly."[5] In ruling on a Rule 12(b)(5) motion to dismiss, the court "may consider any 'affidavits and other documentary evidence' submitted by the parties and must resolve any 'factual doubt' in a plaintiff's favor."[6]

Because Plaintiff proceeds *pro se*, the Court must construe his filings liberally and hold them to a less stringent standard than formal pleadings drafted by attorneys.[7] Plaintiff's *pro se* status does not excuse him from complying with federal and local rules.[8] Nor does it relieve him

---

[2] Plaintiff filed both a response (Doc. 10) to Defendants' motion to dismiss and a motion for additional time to file a second response (Doc. 11).

[3] *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of process of summons must be satisfied."); *see also Wanjiku v. Johnson Cnty.*, 173 F. Supp. 3d 1217, 1223 (D. Kan. 2016) (first citing *Riddle v. Wichita Pub. Schs.*, No. 04-1400-MLB, 2005 WL 1563444, at *1 (D. Kan, June 30, 2005); and then citing *Oltremari v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1348 (D. Kan. 1994)).

[4] *See, e.g., Schwab v. Kansas*, No. 16-CV-4033-DDC-KGS, 2016 WL 4039613, at *3 (D. Kan. July 28, 2016) ("Motions to dismiss under Rule 12(b)(2) and Rule 12(b)(5) . . . go hand-in-hand.").

[5] *Id.* (citing *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008)).

[6] *Id*. (quoting *Fisher*, 531 F. Supp. 2d at 1260).

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

[8] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)); *see* D. Kan. Local Rule 83.5.4(g) ("Any party appearing on his or her own behalf without an attorney is expected to read and be familiar with the Rules of Practice and Procedure of this court [and] the relevant Federal Rules of Civil Procedure . . . .").

of the responsibility to effect proper service under Fed. R. Civ. P. 4.[9] However, 28 U.S.C. § 1915(d) provides that the "officers of the court shall issue and serve all process" in proceedings *in forma pauperis*. Pursuant to Fed. R. Civ. P. 4(c)(3), a plaintiff proceeding *in forma pauperis* is entitled to have the summons and complaint served by the United States Marshals Service ("Marshals Service").

## II. Discussion

Defendants argue that the Court lacks personal jurisdiction over them because service on both the individual Defendants and the City of Atchison is insufficient under Fed. R. Civ. P. 4 and does not substantially comply with Kansas law. Under Fed. R. Civ. P. 4(e), an individual within the United States may be served process by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

---

[9] *Kelly v. Wilson*, No. 09-2188-KHV-DJW, 2010 WL 11628027, at *1 (D. Kan. June 30, 2010) (citing *Dicesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993)).

Under Kansas law, service upon an individual must be made "by serving the individual or by serving an agent authorized by appointment or by law to receive service of process."[10] Kansas permits service by return receipt delivery, personal service, or residence service.[11]

As to service by return receipt delivery, such service may be made in Kansas by using "certified mail, priority mail, commercial courier service, overnight delivery service or other reliable personal delivery service to the party addressed, in each instance evidenced by a written or electronic receipt showing to whom delivered, the date of delivery, the address where delivered and the person or entity effecting delivery."[12] Kansas law further requires that

> [s]ervice by return receipt delivery must be addressed to an individual at the individual's dwelling or usual place of abode and to an authorized agent at the agent's usual or designated address. If the sheriff, party, or party's attorney files a return of service stating that the return receipt delivery to the individual at the individual's dwelling or usual place of abode was refused or unclaimed and that a business address is known for the individual, the sheriff, party, or party's attorney may complete service by return receipt delivery, addressed to the individual at the individual's business address.[13]

Thus, service by return receipt delivery to an individual at a business address is permitted only after attempting service at that individual's home.[14]

Fed. R. Civ. P. 4(j)(2) provides the appropriate methods to serve "[a] state, a municipal corporation, or any other state-created governmental organization that is subject to suit." The

---

[10] K.S.A. § 60-304(a).

[11] *Id.* § 60-303(c), (d).

[12] *Id.* § 60-303(c)(1).

[13] *Id.* § 60-304(a).

[14] *Fisher v. DeCarvalho*, 314 P.3d 214, 219 (Kan. 2013) (citation omitted); *Wanjiku v. Johnson Cnty.*, 173 F. Supp. 3d 1217, 1228 (D. Kan. Mar. 29, 2016). Defendants contend that under the Kansas Supreme Court's decision in *Fisher*, service upon an individual at his or her busines address must be made by "restricted delivery," meaning delivered to the addressee only. Doc. 9 at 7. However, as explained in depth by Judge Daniel Crabtree, statutory amendments since *Fisher* support that "any type of return receipt delivery is sufficient—whether restricted or not." *Wanjiku*, 173 F. Supp. 3d at 1229 n.5. "The current version of the statute contains no references to 'restricted delivery.'" *Id.* (first citing 2011 Kan. Sess. Laws ch. 48, § 14; and then citing K.S.A. § 60-304(a)).

rule states that service must be completed by "(A) delivering a copy of the summons and of the complaint to [the defendant's] chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."[15] Under Kansas law, service of process on governmental bodies can be made by return receipt delivery addressed to the appropriate official at the official's governmental office.[16] Service must be made on a city "by serving the clerk or the mayor."[17]

As to each Defendant, Plaintiff's Complaint alleges that service may be made at 515 Kansas Avenue, Atchison, Kansas 66002, which is the address of Atchison City Hall.[18] Plaintiff provided no residential addresses for service upon the individual Defendants and no agent for service of process on the City of Atchison. Accordingly, the Marshals Service attempted service by mailing the summons and complaint via certified mail to each of the Defendants at the only address provided by Plaintiff.[19] Each of the summonses was signed by Tina Fitzpatrick, who is the Customer Relations Manager and Financial Analyst for the City of Atchison.[20] Fitzpatrick is not the city clerk or the mayor. Thus, she did not have authority under K.S.A. § 60-304(d) to receive service on behalf of the City of Atchison. Nor has Plaintiff complied with the requirement that service of process on individuals first be attempted at the individuals' dwellings or usual places of abode. Finally, under Fed. R. Civ. P. 4(m), Plaintiff was required to serve process within ninety days after filing his Complaint, or by June 9, 2021, which has now passed.

---

[15] Fed. R. Civ. P. 4(j)(2)(A)–(B).

[16] K.S.A. § 60-304(d).

[17] *Id.* § 60-304(d)(3).

[18] Doc. 1 at 4–7.

[19] Doc. 7.

[20] *Id.*; *see* Tina Fitzpatrick, City of Atchison, https://cityofatchison.com/contacts/tina-fitzpatrick/ (last visited June 18, 2021).

Plaintiff opposes Defendants' motion on the basis that he has been permitted to proceed *in forma pauperis* and, therefore, the effectiveness of service was delegated to the Marshals Service. Plaintiff concedes that the Marshals Service did not properly serve Defendants, but states that he assumed it would do so in accordance with the Federal Rules. Based on these arguments, Plaintiff requests that the Court require the Marshals Service to effect proper, personal service on his behalf.

Before dismissing a claim for failure to serve process, the Tenth Circuit requires that the district court inquire whether the plaintiff has demonstrated good cause for his failure to timely effect service.[21] If the plaintiff shows good cause, he is entitled to a mandatory extension of time to effect proper service.[22] But even in the absence of good cause, the court may, in its discretion, still grant a permissive extension of time.[23] Relevant factors for the court to consider when deciding whether to grant a permissive extension include whether the plaintiff is proceeding *pro se*, whether the defendant had actual notice of the lawsuit, the danger of prejudice to the defendant, the length of the delay, and whether the applicable statute of limitations would bar a re-filed action.[24] "Generally, when a court finds that service is insufficient but curable, it should quash service and give [the] plaintiff an opportunity to re-serve [the] defendant."[25]

---

[21] *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

[22] *Id.*

[23] *Id.*

[24] *See, e.g.*, *Moore v. Teamsters Local 41*, No. 14-2122-JTM, 2015 WL 859074, at *2 (D. Kan. Feb. 27, 2015) (citations omitted); *Hopkins v. Clinton*, No. CV 09-185 JCH/CG, 2009 WL 10665432, at *2 (D.N.M. Oct. 30, 2009) (citing *Espinoza*, 52 F.3d at 841–42).

[25] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1269 (D. Kan. 2008) (citations omitted); *see also Yarbary v. Martin, Pringle, Oliver, Wallace & Bauer, L.L.P.*, Nos. 12-2773, CM-DJW, 12-2794-CM-DJW, 2013 WL 1502020, at *2–3 (D. Kan. Apr. 10, 2013) (finding it preferable to allow plaintiff additional time to effect proper service where dismissal would not be most efficient use of court resources) (citation omitted); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1354 (3d ed. 2004) ("The reluctance of the courts to dismiss an action when there is a possibility that effective service will be completed is understandable inasmuch as the dismissal would be without prejudice and probably would lead to the reinstitution of the suit by the plaintiff. Thus,

In this case, the Court finds that Plaintiff has shown neither substantial compliance with service of process requirements nor good cause for failing to effect proper service.[26] While Plaintiff's *in forma pauperis* status means that he was entitled to rely on the Clerk of the Court and the Marshals Service to effect proper service of process on his behalf, "the Marshal's Service is not responsible for lack of service where a plaintiff does not provide correct information required for service."[27] However, given Plaintiff's *pro se* status, Defendants' notice of this action and lack of prejudice, and the fact that service is insufficient but curable, the Court in its discretion quashes service and grants Plaintiff an extension of time effectuate proper service upon Defendants.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss (Doc. 9) is **denied without prejudice** and Plaintiff's Motion to Extend Time to Respond to Defendants' Motion to Dismiss (Doc. 11) is **denied as moot**.

**IT IS FURTHER ORDERED** that within **thirty (30) days** from the date of this Order, Plaintiff shall **file a notice** providing the address for service of each of the named Defendants and, where necessary, the name of the government official on whom service must be made. Thereafter, the Clerk shall issue summonses for the Defendants, and service of the summonses and copies of the complaint shall be effected by a United States Marshal or Deputy Marshal or

---

dismissal needlessly burdens the parties with additional expense and delay and postpones the adjudication of the controversy on its merits." (citations omitted)).

[26] *See* K.S.A. § 60-204 ("Substantial compliance with any method of serving process effects valid service of process if the court finds that, notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court that might affect the party or the party's status or property."); *Settle v. Diversified Consultants, Inc.*, No. 2:13-CV-02606-EFM-GL, 2014 WL 1607589, at *3 (D. Kan. Apr. 22, 2014) (stating that substantial compliance means "compliance in respect to the essential matters necessary to assure every reasonable objective of the statute" (citing *Fisher*, 314 P.3d at 219)); *Schwab v. Kansas*, No. 16-CV-4033-DDC-KGS, 2016 WL 4039613, at *4 (D. Kan. July 28, 2016) (finding no substantial compliance where plaintiff did not attempt service on individual defendant at dwelling place before serving at place of business, and where plaintiff failed to serve individual designated by law to receive service on behalf of county).

[27] *Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016) (collecting cases).

by a person specially appointed pursuant to Fed. R. Civ. P. 4(c)(3).  Plaintiff shall have **sixty (60) days** from the date of this Order to effect proper service.  If Plaintiff fails to timely file the notice required by this Order or to effect service within the extension of time permitted, this case will be dismissed.

**IT IS SO ORDERED.**

Dated: June 22, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE