## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KEIFLAN KELLEY,

   Plaintiff,

   v.

CITY OF ATCHISON, KANSAS, et al.,

   Defendants.

Case No. 2:21-CV-02123-JAR-TJJ

## MEMORANDUM AND ORDER

Plaintiff Keiflan Brock Kelley filed this action *pro se* and *in forma pauperis*, alleging civil rights and tort claims against Defendants the City of Atchison, Kansas; Atchison Police Chief Mike Wilson; Atchison Police Officers Travis Eichelberger, Greg Peterson, Kyle Mason, Jesse Cannon, Jordan Noll, Austin Surrit, and Whitney Wagner; Atchison Mayor Abby Bartlett; Atchison Vice Mayor Allen Reavis; and purported Atchison City Council Members Jesse Greenly, Lisa Moody, J. David Ferris, Becky Berger, and Justin Pregont.   Plaintiff's claims stem from two encounters with Atchison Police Officers on July 28 and 29, 2020.

In a June 22, 2021 Memorandum and Order, the Court denied without prejudice Defendants' motion to dismiss for lack of personal jurisdiction and insufficient service of process and granted Plaintiff an additional period of time to effect service.[1]  Now before the Court is a renewed Motion to Dismiss and Memorandum in Support (Doc. 25) under Fed. R. Civ. P. 12(b)(2), (5), and (6) for lack of personal jurisdiction, insufficient service of process, and failure to state a claim filed by all Defendants except Eichelberger and Wilson.  Plaintiff has not

---

[1] Doc. 14.

responded and the time for doing so has expired.[2]  As described more fully below, the motion to

dismiss is **granted in part and denied in part**.  The motion is granted under Fed. R. Civ. P.

12(b)(5) as to Defendants Berger, Cannon, Mason, Noll, Pregont, Surrit, Wagner, and the City

only.  The motion is granted under Fed. R. Civ. P. 12(b)(6) as to the individual capacity and state

law claims against Peterson, Bartlett, Ferris, Moody, and Reavis.  The motion is denied under

Fed. R. Civ. P. 12(b)(6) as to the official capacity claims against Peterson, Bartlett, Ferris,

Moody, and Reavis.

## I.      Failure to Respond

As an initial matter, Local Rule 7.4(b) provides that a party or attorney who does not

timely file a response brief waives the right to later file such a brief, and that the court will

decide such motions as uncontested and ordinarily will grant them without further notice.

Plaintiff did not file a response to Defendants' motion to dismiss, and the time to do so has

passed.  Nonetheless, after considering the merits of Defendants' uncontested motion, the Court

concludes that dismissal is warranted as to most claims against the moving Defendants, but it is

not appropriate to dismiss Plaintiff's § 1983 official capacity claims against Peterson, Bartlett,

Ferris, Moody, and Reavis, as described below.

## II.     Personal Jurisdiction and Service of Process

### A.      Standards

Because a federal court lacks personal jurisdiction over a defendant if the plaintiff fails to

effectuate proper service,[3] Fed. R. Civ. P. 12(b)(2) and 12(b)(5) may be asserted together as joint

---

[2] *See* D. Kan. Rule 6.1(d) (stating that responses to motions to dismiss must be filed and served within 21 days).  Defendants filed their motion to dismiss on September 3, 2021; therefore, Plaintiff's response was due on September 24, 2021.

[3] *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

bases for dismissal.[4]  "When a defendant moves to dismiss based on insufficient service of process under Rule 12(b)(5), the burden shifts to the plaintiff to make a prima facie showing that he served process properly."[5]  In ruling on a Rule 12(b)(5) motion to dismiss, the "court may consider any 'affidavits and other documentary evidence' submitted by the parties and must resolve any 'factual doubt' in a plaintiff's favor."[6]

Because Plaintiff proceeds *pro se*, the Court must construe his filings liberally and hold them to a less stringent standard than formal pleadings drafted by attorneys.[7]  However, Plaintiff's *pro se* status does not excuse him from complying with federal and local rules.[8] Plaintiff has also been granted leave to proceed *in forma pauperis*.  Under 28 U.S.C. § 1915(d). "officers of the court shall issue and serve all process" in proceedings *in forma pauperis*.  Under Fed. R. Civ. P. 4(c)(3), a plaintiff proceeding *in forma pauperis* is entitled to have the summons and complaint served by the United States Marshals Service ("Marshals Service").   But this Court previously cautioned Plaintiff that while his *in forma pauperis* status meant that he was entitled to rely on the Clerk of Court and the Marshals Service to effect proper service of process on his behalf,[9] "the Marshals Service is not responsible for lack of service where a plaintiff does not provide correct information required for service."[10]

---

[4] *See, e.g., Schwab v. Kansas*, No. 16-CV-4033-DDC-KGS, 2016 WL 4039613, at *3 (D. Kan. July 28, 2016) ("Motions to dismiss under Rule 12(b)(2) and Rule 12(b)(5) . . . go hand-in-hand.").

[5] *Id.* (citing *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008)).

[6] *Id.* (quoting *Fisher*, 531 F. Supp. 2d at 1260).

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

[8] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)); *see* D. Kan. Local R. 83.5.4(g) ("Any party appearing on his or her own behalf without an attorney is expected to read and be familiar with the Rules of Practice and Procedure of this court [and] the relevant Federal Rules of Civil Procedure . . . .").

[9] Doc. 14 at 2–3.

[10] *Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016) (collecting cases).

B.      **Background**

In its June 22, 2021 Order, the Court found that Plaintiff did not provide the correct

information to the Marshals for service on Defendants.[11]  First, the Court explained that service

by return receipt delivery to an individual at a business address is only permitted after attempting

service at that individual's home.[12]  And service of process on governmental bodies such as the

City must be made "by serving the clerk or the mayor."[13]  Plaintiff failed to provide the Marshals

Service with the individual Defendants' home addresses.  And Plaintiff failed to direct service on

the City toward the City's clerk or mayor.  The 90-day period for Plaintiff to effect service had

passed, but because his deficiencies were curable, the Court quashed the initial service and

granted Plaintiff additional time to serve.  The Court directed Plaintiff to file a notice within

thirty days providing the home address of each of the named Defendants and, where necessary,

the name of the government official on whom service must be made.

On July 21, 2021, Plaintiff filed a Notice that included a summons directed to the

following individual Defendants at their home addresses: Eichelberger, Peterson, Bartlett, Ferris,

Moody, Reavis, and Wilson.[14]  Summons was returned executed for all of these Defendants

showing service by certified mail.  Plaintiff's revised summons also listed Julie Behler as a

Defendant, along with her home address.  Plaintiff explained in the "Additional Information"

section that Behler is the City Clerk and he provided an address for the City Department

Building.  No summons was issued or returned for Behler or the City.  No summons was issued

or returned for Berger, Cannon, Mason, Noll, Pregont, Surrit, or Wagner.

---

[11] Doc. 14.

[12] *See Fisher v. DeCarvalho*, 314 P.3d 214, 219 (Kan. 2013) (citation omitted); *Wanjiku v. Johnson Cnty.*, 173 F. Supp. 3d 1217, 1228 (D. Kan. 2016).

[13] K.S.A. § 60-304(d)(3).

[14] Doc. 16.

C.      Discussion

The moving Defendants again seek dismissal for lack of personal jurisdiction and insufficient service of process.  Specifically, they argue that although service to Peterson, Bartlett, Ferris, Moody, and Reavis was directed to their home addresses this time, their service did not comply with K.S.A. §§ 60-304(a) and 60-103 governing return receipt delivery.[15] Defendants further argue that because Plaintiff wholly failed to renew service on the City, Berger, Cannon, Mason, Noll, Pregont, Surrit, and Wagner, they must be dismissed.

1.      **Individual Defendants Named in Summons and Served by Certified Mail**

As the Court previously explained in detail, Fed. R. Civ. P. 4(e) governs service for individuals and allows for service according to state law.  Under Kansas law, service upon an individual must be made "by serving the individual or by serving an agent authorized by appointment or by law to receive service of process."[16]  Kansas permits service by return receipt delivery, personal service, or residence service.[17]  Return receipt delivery may be made in Kansas by using "certified mail, priority mail, commercial courier service, overnight delivery service or other reliable personal delivery service to the party addressed, in each instance evidenced by a written or electronic receipt showing to whom delivered, the date of delivery, the address where delivered and the person or entity effecting delivery."[18]

---

[15] In their motion, Defendants mistakenly referenced Moody, rather than Mason, as being omitted from the renewed summons.  *See*  Doc. 25 at 6, 8.  Given that they also argued that service to Moody's home address was insufficient, and failed to reference Mason even though he is a moving party, the Court considers this a typographical error.  The Court includes Mason in its analysis of Defendants who were not included in the renewed summons, and Moody in its analysis of Defendants who were included in the renewed summons.

[16] K.S.A. § 60-304(a).

[17] *Id.* § 60-303(c), (d).

[18] *Id.* § 60-303(c)(1).

Plaintiff's prior service attempts failed because he attempted delivery by certified mail to Defendants' business addresses without first attempting service at their homes.[19]  This time, Plaintiff served Defendants Peterson, Bartlett, Ferris, Moody, and Reavis at their homes by certified mail.  Summons has been returned executed as to these Defendants.  Defendants argue that because this delivery was "via unrestricted certified mail," service of process was not valid.  But as this Court previously explained, Defendants' reliance on language from Kansas case law requiring service by "restricted delivery" is misplaced.  The current version of the statute contains no reference to "restricted delivery."[20]  It only requires service by "return receipt delivery" which includes certified mail.[21]  Thus, Plaintiff's service upon Peterson, Bartlett, Ferris, Moody, and Reavis at their homes by certified mail is sufficient and the motion to dismiss these Defendants under Rule 12(b)(2) and (5) is denied.

## 2.    Individual Defendants Not Included in Revised Summons

Despite this Court providing Plaintiff with additional time to submit sufficient information to the Marshals Service for service of process, Plaintiff failed to include several Defendants in his July 21, 2021 notice and summons.  Therefore, no service was made on Defendants Berger, Cannon, Mason, Noll, Pregont, Surrit, and Wagner.  The Court's June 22, 2021 Order provided Plaintiff with notice that if he failed to timely file the notice required by

---

[19] *See Fisher v. DeCarvalho*, 314 P.3d 214, 219 (Kan. 2013) (citation omitted); *Wanjiku v. Johnson Cnty.*, 173 F. Supp. 3d 1217, 1228 (D. Kan. 2016).

[20] *See* K.S.A. § 60-304(a) ("Service by return receipt delivery must be addressed to an individual at the individual's dwelling or usual place of abode . . . ."); § 60-303(c)(1) ("Service of process may be made by return receipt delivery, which is effected by certified mail, priority mail, commercial courier service, overnight delivery service or other reliable personal delivery service to the party addressed, in each instance evidenced by a written or electronic receipt showing to whom delivered, the date of delivery, the address where delivered and the person or entity effecting delivery."); *Wanjiku*, 173 F. Supp. 3d at 1229 n.5 (discussing the statute's legislative history and explaining that the language cited by Defendants from *Fisher* about restricted delivery appears in an earlier version of the statute that has since been amended) (citations omitted).

[21] K.S.A. §§ 60-304(a), -303(c)(1); *Wanjiku*, 173 F. Supp. 3d at 1229 n.5.

that Order or to effect service within the extension of time permitted, his claims could be dismissed.  Defendants' motion to dismiss has been on file since September 3, 2021, and Plaintiff has not responded or otherwise shown good cause for his failure to serve these Defendants.  Accordingly, the Court dismisses without prejudice Defendants Berger, Cannon, Mason, Noll, Pregont, Surrit, and Wagner for failure to serve under Fed. R. Civ. P. 12(b)(5), and because he has not demonstrated good cause for his failure to serve under Rule 4(m).

### 3.      The City

As the Court previously explained, Fed. R. Civ. P. 4(j)(2) provides the appropriate methods to serve "[a] state, a municipal corporation, or any other state-created governmental organization that is subject to suit."  The rule states that service must be completed by "(A) delivering a copy of the summons and of the complaint to [the defendant's] chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."[22]  Under Kansas law, service of process on governmental bodies can be made by return receipt delivery addressed to the appropriate official at the official's governmental office.[23]  Service must be made on a city "by serving the clerk or the mayor."[24]

Plaintiff previously failed to identify an agent for service of process on the City.  This time, Plaintiff named the City Clerk, Behler, on the summons and provided the Marshals with her home address.  But Fed. R. Civ. P. 4(a) requires that the summons name the *parties*.  Plaintiff failed to name the City as a Defendant on the summons, so summons was never issued or served

---

[22] Fed. R. Civ. P. 4(j)(2)(A)–(B).

[23] K.S.A. § 60-304(d).

[24] *Id.* § 60-304(d)(3).

on the City.[25]  Plaintiff fails to meet his burden of showing that he provided sufficient information to the Marshals to serve process on the City, and has failed to show good cause for his failure to serve the City.  Therefore, the motion to dismiss the City is granted under Rule 12(b)(5) and 4(m).

## III.    Motion to Dismiss for Failure to State a Claim: Defendants Peterson, Bartlett, Ferris, Moody, and Reavis

The Court next addresses Defendants' motion to dismiss the remaining Defendants who were served under Rule 12(b)(6).

### A.    Standard

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[26]  The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but it requires more than "a sheer possibility."[27]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[28]  Finally, the Court must accept the plaintiff's factual allegations as true, view those facts in the light most favorable to the plaintiff, and assess whether they give rise to a reasonable inference that the defendant is liable in light of the applicable law.[29]

---

[25] *See* July 23, 2021 docket entry.

[26] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[27] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[28] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[29] *See Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

B.      Discussion

The Complaint alleges claims under 42 U.S.C. §§ 1983, 1985, and 1988 for violations of Plaintiff's rights under the United States and Kansas Constitutions, as well as tort claims under Kansas law.  Relevant to this motion, the Court liberally construes the Complaint as alleging claims against Officer Peterson under § 1983 in his individual and official capacity for excessive force, and state law claims for intentional and negligent infliction of emotional distress.  The Court liberally construes the Complaint as alleging § 1983 official capacity claims against the remaining defendants.  The Court first addresses the claims alleged against Peterson, and then addresses the claims against Bartlett, Ferris, Moody, and Reavis.

1.      Peterson

a.      Individual Capacity Claim Under § 1983 for Excessive Force

Plaintiff alleges a claim under § 1983 against Peterson for excessive force under the Fourth and Fourteenth Amendments.  According to the Complaint, Atchison Police Officers Kyle Mason, Joe Ellerman, and Greg Peterson responded to an emergency call at a Stop and Go gas station on Main Street in Atchison, Kansas.  Plaintiff was on the east side of the building and indicated to the officers that he had flagged down a motorist because he thought he was going to die and needed medical attention; he had inhaled noxious fumes and dust after turning on the heater of an old pick-up truck.  Plaintiff told Officer Mason that he was having trouble breathing and felt that he was beginning to have a panic attack.  Officer Mason abruptly left Plaintiff with Officer Ellerman to ask the other motorist what happened, at which point Plaintiff again asked the officers for immediate medical attention.  Instead, the officers questioned Plaintiff in a manner that made him feel that he was being interrogated instead of receiving help.  He continued to ask officers for EMS.  The officers responded that they were first responders, at

which point, Plaintiff asked for water but did not receive any.  Finally, despite being in the middle of a panic and asthma attack, Plaintiff asked the officers to leave.  At that point, Officer Peterson "heard (Kelley) saying that the Police units can leave because EMS is now on the scene."[30]  Peterson told Plaintiff that he "better not be in traffic then," which Plaintiff believed was a threat.[31]  The Complaint states that "those were the only words and sentences that Officer Greg Peterson said to (Kelley) evoking fear upon (Kelley), and this fear keeping (Kelley) to able to drive in traffic, call for help from medical services while in traffic etc. or even home."[32] Peterson left on his bike immediately after making this statement.

An excessive force claim can be cognizable under the Fourth, Fifth, Eighth, or Fourteenth Amendments.[33]  "Determining which amendment applies to an allegation of excessive force requires consideration of 'where the [plaintiff] finds himself in the criminal justice system.'"[34] Officer Peterson's threat to Plaintiff to "better not be in traffic" was made during a consensual encounter after police officers received an emergency call; Plaintiff was not arrested.  "[W]ithout a seizure, there can be no claim for excessive use of force in effectuating that seizure," and, thus, there can be no Fourth Amendment violation.[35]

Therefore, the Court considers whether Plaintiff sufficiently alleges an excessive force claim against Peterson under the due process clause of the Fourteenth Amendment.[36]  Under the

---

[30] Doc. 1 at 9.

[31] *Id.*

[32] *Id.* at 10.

[33] *Estate of Booker v. Gomez*, 745 F.3d 405, 418–19 (10th Cir. 2014) (quoting *Porro v. Barnes*, 624 F.3d 1322, 1325 (10th Cir. 2010)).

[34] *Id.* at 419 (quoting *Porro*, 624 F.3d at 1325).

[35] *Jones v. Norton*, 809 F.3d 564, 575 (10th Cir. 2015) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 843–44 (1998)); *Clark v. Edmunds*, 513 F.3d 1219, 1222 (10th Cir. 2008).

[36] *See Porro*, 624 F.3d at 1326; *Clark*, 513 F.3d at 1222.

Fourteenth Amendment, Plaintiff states a claim if the facts demonstrate that Officer Peterson's conduct was arbitrary or "shocks the conscience."[37] "To satisfy this standard . . . .  the plaintiff must show 'a high level of outrageousness.'"[38] "To determine whether a use of force is excessive under the Fourteenth Amendment[, courts] consider three factors: '(1) the relationship between the amount of force used and the need presented; (2) the extent of the injury inflicted; and (3) the motives of the state actor.'"[39]

The Complaint does not allege facts that are conscious-shocking.  First, Peterson used no physical force; he made a single statement at the end of a consensual encounter.  Given Plaintiff's allegation that police were called to the scene after Plaintiff flagged down another motorist, Officer Peterson's statement to Plaintiff to "better not be in traffic" was not unreasonable.  In fact, the statement is directly proportional to the reason for the emergency call.  Second, there was no injury inflicted by Officer Peterson's statement.[40]  Third, Plaintiff alleges that he viewed Officer Peterson's statement as threatening, rather than motivated by a desire to keep him safe.  But there are no factual allegations that support an inference that Officer Peterson was motivated by a desire for Plaintiff to step into traffic, as opposed to maintaining his safety.  The Complaint alleges it was Officer Mason, not Officer Peterson, who questioned Plaintiff during the encounter.  In fact, the only words allegedly stated by Officer Peterson during the entire encounter were that Plaintiff "better not be in traffic," after which he left the

---

[37] *Porro*, 624 F.3d at 1326 (first citing *Lewis*, 523 U.S. at 845–46; and then citing *Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1243 (10th Cir. 2003)).

[38] *Clark*, 513 F.3d at 1222 (quoting *Uhlrig v. Harder*, 64 F.3d 567, 574 (10th Cir. 1995)).

[39] *Estate of Booker v. Gomez*, 745 F.3d 405, 423 (10th Cir. 2014) (quoting *Roska*, 328 F.3d at 1243).

[40] The physical injuries alleged in the Complaint stem from a different encounter the next day involving a different Defendant.

scene.  This statement, even if made in a threatening manner, is not conscience shocking; therefore, it does not constitute excessive force under the Fourteenth Amendment.

While the Court recognizes the general rule that *pro se* parties should be allowed leave to amend, the Court may appropriately dismiss a claim without prejudice "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[41]  Here, Plaintiff's alleges that Officer Peterson's only words to him during the entire encounter, which did not end in a seizure, were "better not be in traffic then." These words, standing alone, do not rise to the level of excessive force; therefore, the Court finds that it is obvious Plaintiff cannot prevail on his excessive force claim as a matter of law and allowing him leave to amend would thus be futile.

### b.    Official Capacity Claims under § 1983

Under *Monell v. Department of Social Services of the City of New York*,[42] an injured plaintiff may hold a municipal entity liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."[43]  Plaintiff's claim against Peterson in his official capacity "is essentially another way of pleading an action against the county or municipality [he] represent[s]."[44]  Defendants argue that these claims should be dismissed as duplicative of Plaintiff's claim against the City.  But the claims against the City have been dismissed; thus, the Court cannot dismiss the official capacity claim against Peterson as duplicative.  Because this is

---

[41] *Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010)) (alteration omitted).

[42] 436 U.S. 658 (1978).

[43] *Id.* at 694.

[44] *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010) (first citing *Monell*, 436 U.S. at 690 n.55; and then citing *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998)).

the only ground identified by the moving Defendants for dismissing the official capacity claims,

the motion to dismiss is denied.

<strong>c.  State Law Claims</strong>

Finally, Plaintiff alleges claims against Peterson under Kansas law for intentional and

negligent infliction of emotional distress.  A claim for intentional infliction of emotional distress,

or outrage, under Kansas law requires four elements: "(1) Defendant's conduct was 'intentional

or in reckless disregard' of Plaintiff; (2) 'the conduct was extreme and outrageous;' (3) a causal

connection between Defendant's conduct and Plaintiff's mental distress; and (4) Plaintiff's

'mental distress was extreme and severe.'"[45]

For the same reasons explained above on the excessive force claim, Plaintiff fails to

allege facts that support extreme and outrageous conduct by Peterson.  Liability for the tort of

outrage clearly

> does not extend to mere insults, indignities, threats, annoyances,
> petty oppressions, or other trivialities.  The rough edges of our
> society are still in need of a good deal of filing down, and in the
> meantime plaintiffs must necessarily be expected and required to
> be hardened to a certain amount of rough language, and to
> occasional acts that are definitely inconsiderate and unkind.[46]

Assuming as true that Officer Peterson's comment was delivered in a threatening or unkind

manner, it still does not rise to the level of extreme and outrageous because it was a mere threat

or insult.

Moreover, the facts alleged do not demonstrate extreme and severe emotional distress.

"Elevated fright, continuing concern, embarrassment, worry, and nervousness do not by

---

[45] *Clark v. Newman Univ., Inc.*, 431 F. Supp. 3d 1246, 1249 (D. Kan. 2020) (citing *Valadez v. Emmis Commc'ns*, 229 P.3d 389, 394 (Kan. 2010)).

[46] *Reindl v. City of Leavenworth*, 443 F. Supp. 2d 1222, 1234 (D. Kan. 2006) (quoting Restatement (Second) of Torts § 46, cmt. d).

13

themselves constitute sufficient harm to a plaintiff to warrant the award of damages for outrage."[47]  Plaintiff's alleged injuries are anxiety, fright, distress, panic, and insomnia.  Such injury fails to support extreme and severe emotional distress as a matter of law.  Therefore, the Court grants Peterson's motion to dismiss the intentional infliction of emotional distress claim.

As for negligent infliction of emotional distress, under Kansas law "there can be no recovery for emotional distress suffered by the plaintiff which is caused by the negligence of the defendant unless it is accompanied by or results in physical injury to the plaintiff."[48]  Plaintiff alleges in the Complaint that he suffered from anxiety, fright, distress, panic, and insomnia after Officer Peterson's threat—purely emotional harm that is not actionable on a negligence theory under Kansas law.[49]  Therefore, Peterson's motion to dismiss Plaintiff's claim against him for negligent infliction of emotional distress is granted, and that claim is dismissed with prejudice.

As with the federal claim, the Court finds it obvious from the facts alleged that Plaintiff cannot prevail on his state law claims against Peterson as a matter of law and allowing him leave to amend would be futile.

### 2.    Bartlett, Ferris, Moody, and Reavis

#### a.    Individual Capacity Claims Under § 1983

Where, as here, "the complaint fails to specify the capacity in which the government official is sued," the Court looks to "the substance of the pleadings and the course of the proceedings in order to determine whether the suit is for individual or official liability."[50]  As

---

[47] *Nkemakolam v. St. John's Mil. Sch.*, 994 F. Supp. 2d 1193, 1198 (D. Kan. 2014) (quoting *Valadez*, 229 at 394).

[48] *Id.* at 1199–1200 (citing *Hoard v. Shawnee Mission Med. Ctr.*, 662 P.2d 1214, 1219–20 (Kan. 1983)).

[49] *See Patton v. Entercom Kan. City, LLC*, No. 13-2186-DDC-JPO, 2014 WL 2557908, at *11–12 (D. Kan. June 6, 2014) (collecting cases).

[50] *Pride v. Does*, 997 F.2d 712, 715 (10th Cir. 1993).

previously stated, the Court liberally construes Plaintiff's Complaint as alleging only official capacity claims under § 1983 against Bartlett, Ferris, Moody, and Reavis, because the Complaint states that Plaintiff brings suit against them "in their capacities as elected officials."[51]  However, even if the Court construed the Complaint as also alleging individual capacity claims against these Defendants, they would be subject to dismissal under Rule 12(b)(6) because Plaintiff failed to allege that these Defendants personally participated in the underlying constitutional violations.[52]

### b.    Official Capacity Claims Under § 1983

As with the official capacity claims against Peterson, Defendants argue that these claims should be dismissed as duplicative of Plaintiff's claim against the City.  But the claims against the City have been dismissed; thus, the Court cannot dismiss the official capacity claims against Bartlett, Ferris, Moody, and Reavis as duplicative.  Because this is the only ground identified by the moving Defendants for dismissing these official capacity claims, the motion to dismiss is denied as to these claims.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss and Memorandum in Support (Doc. 25) under Fed. R. Civ. P. 12(b)(2), (5), and (6) is **granted in part and denied in part**.  The motion is **granted** under Fed. R. Civ. P. 12(b)(5) as to Defendants Berger, Cannon, Mason, Noll, Pregont, Surrit, Wagner, and the City for lack of service; these Defendants are dismissed without prejudice.  The motion is **granted** as to the individual capacity and state law claims against Defendants Peterson, Bartlett, Ferris, Moody,

---

[51] Doc. 1 at 6.

[52] *See Forgarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) (quoting *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997)).

and Reavis; these claims are dismissed with prejudice.  The motion is **denied** as to the § 1983

official capacity claims against Defendants Peterson, Bartlett, Ferris, Moody, and Reavis.

     **IT IS SO ORDERED.**

     Dated: November 4, 2021

                     S/ Julie A. Robinson
                     JULIE A. ROBINSON
                     CHIEF UNITED STATES DISTRICT JUDGE